IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRY LAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2256-B-BN |
| | § | |
| INMAR RX SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane Boyle. *See* Dkt. No. 1.

Plaintiff Sherry Land filed this lawsuit asserting employment claims against Defendant Inmar RX Solutions, Inc. *See* Dkt. No. 1.

Inmar has filed a Motion to Dismiss. *See* Dkt. No. 24.

For the reasons and to the extent set out below, the undersigned recommends that the Court grant in part the Motion to Dismiss [Dkt. No. 24], deny Land's motion to amend [Dkt. No. 35], and grant Land leave to file an amended complaint that conforms with this recommendation.

**Background**

On September 4, 2024, Land filed her original complaint against Inmar, alleging discrimination and harassment under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). *See* Dkt. No. 3. She filed a first

amended complaint on September 9, 2024, claiming discrimination based on disability and race. *See* Dkt. No. 7.

On October 1, 2025, Land filed a second amended complaint (the "Complaint"), alleging discrimination and retaliation under Title VII and the ADA, as well as wrongful termination. *See* Dkt. No. 21.

On October 15, 2026, Inmar moved under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss each of Land's claims with prejudice because the Court "lacks subject matter jurisdiction over Land's alleged claims and Land has failed to plead facts sufficient to state any plausible claim for relief against Inmar." Dkt. No. 24 at 1.

Land responded, *see* Dkt. No. 31, and Inmar replied, *see* Dkt. No. 32.

The Court then entered a scheduling order setting December 5, 2025 as the deadline to amend pleadings. *See* Dkt. No. 34.

On April 24, 2026, Land filed a motion seeking leave to amend the amount of damages in her complaint. *See* Dkt. No. 35. Inmar responded to the motion. *See* Dkt. No. 36.

**Legal Standards**

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the

complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed

factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 722, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court

'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And, "[w]hen an allegation is contradicted by the contents of an exhibit attached to the pleading," "the exhibit and not the allegation controls." *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (cleaned up; quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

"To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would '"transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."' *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

That said, Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin.*

*Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)). The futility analysis "mimics that of a motion to dismiss" under Rule 12(b)(6). *Id.*

## Analysis

### I. ADA Statute of Limitations

Consistent with Congress's mandate, "[t]he ADA … generally [is] interpreted *in pari materia*." *Frame v. City of Arlington*, 657 F.3d 215, 223 (5th Cir. 2011) (en banc) (footnote omitted). While the statute does not "provide[ ] a limitations period," *id.* at 236, the Court should "apply Texas's two-year personal-injury limitations period to this case," *id.* at 237 (footnote omitted); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003.

While Texas's limitations statute is borrowed as to the federal causes of action, federal courts "determine the accrual date of [federal claims] by reference to federal law." *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

And "accrual occurs when a plaintiff has 'a complete and present cause of

action, that is, when the plaintiff can file suit and obtain relief.'" *Frame*, 657 F.3d at 238 (quoting *Wallace*, 549 U.S. at 388; citing *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Calif.*, 522 U.S. 192, 201 (1997)).

Inmar argues that "Land's ADA [c]laim … is barred by Texas's two-year statute of limitations." Dkt. No. 24 at 6.

Land filed her original complaint on September 4, 2024. *See* Dkt. No. 3. Under the two-year statute of limitations, to be actionable, any ADA claims must have accrued – that is, any alleged misconduct forming the basis of the ADA claims must have occurred – after September 4, 2022.

And, so, any ADA claims based on misconduct that Land alleges occurred between December 2021 and September 4, 2022 are time-barred on the face of the Complaint. And the Court should dismiss those claims with prejudice.

## II. <u>Timely Exhaustion of Administrative Remedies</u>

Title VII claims "may only be adjudicated in federal court if the plaintiff exhausted [ ] administrative remedies in a timely manner." *Brown v. Jimmons*, Civ. A. H-15-2108, 2016 WL 4570758, at *2 (S.D. Tex. Aug. 31, 2016) (citing 42 U.S.C. § 2000e-5(e)(1); *Pacheco v. Mineta*, 448 F.3d 783, 788-89 (5th Cir. 1994)). "[T]o exhaust administrative remedies" under Title VII, a plaintiff "must file a charge of discrimination with the [Equal Employment Opportunity Commission ("EEOC")] within 180 days of the date of the alleged discrimination, or within 300 days of the alleged discrimination if he institutes his action with the appropriate state agency." *Owens v. Dallas Cnty. Cmty. Coll. Dist.*, No. 3:16-cv-3162-L, 2017 WL

3190727, at *2 (N.D. Tex. May 16, 2017) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)), *rec. adopted*, 2017 WL 3172748 (N.D. Tex. July 26, 2017).

In Texas, which has a state fair-employment agency – the Texas Workforce Commission ("TWC") – that has a work-sharing agreement with the EEOC, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act. *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 544 (2019). "The time period generally begins to run when the employee receives notice of the allegedly discriminatory decision, not when the employment actually ceases." *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992). Failure to file a charge with the EEOC and exhaust administrative remedies before filing a Title VII action will result in dismissal. *See Dao*, 96 F.3d at 788-89.

"The EEOC filing requirement functions as a statute of limitations rather than a jurisdictional prerequisite. It is a pre-condition to filing suit in district court, but it is not related to the subject matter jurisdiction of the court." *Rhodes v. Guiberson Oil Tools Div.*, 927 F.2d 876, 878 (5th Cir. 1991) (internal quotations and citation omitted); *see Stith v. Perot Sys. Corp.*, 122 F. App'x 115, 118 (5th Cir. 2005) ("Filing a charge with the EEOC is a condition precedent to the filing of a title VII … suit."); *Webb v. Cardiothoracic Surgery Assoc. of N. Tex.*, 139 F.3d 532, 537 (5th Cir. 1998) ("Congress intended the limitations period contained in Section 2000e-5(e)(1) to act as a statute of limitations." (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-94 (1982)).

The administrative exhaustion requirement also applies to claims under the

ADA. *See Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378-79 (5th Cir. 2019) ("To bring a suit under Title VII [or] the ADA (disability), … a complainant must file a charge of discrimination with the EEOC to exhaust his administrative remedies." (citing *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 77 (5th Cir. 1982) (Title VII); *Dao*, 96 F.3d at 789 (ADA))).

A plaintiff has exhausted the available remedies once (1) he files a timely complaint with the EEOC; (2) the agency dismisses the claim; and (3) it informs him of his right to sue in federal court. *See Bouaziz v. AZTR Corp.*, No. 3:10-cv-53-B, 2010 WL 2813403, at *1 (N.D. Tex. July 9, 2010). A plaintiff must file his civil suit within 90 days of *receipt* of a right-to-sue-letter. *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII claims); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50; *Dao*, 96 F.3d at 788-89 (ADA claims).

Here, Inmar argues that Land's complaint should be dismissed because Land did not exhaust her administrative remedies. *See* Dkt. No. 24 at 4-5. It contends that

> Land states that she "fil[ed] a[n] online complaint" with "Dallas County EEOC," (Dkt. 21 at 1) but fails to allege what claims were included in the online complaint. Land likewise failed to plead that a right to sue letter was issued or received for such claim. Land's Complaint must therefore be dismissed for failure to exhaust administrative remedies under Rules 12(b)(1) and 12(b)(6).

*Id.* at 5.

The undersigned disagrees with this characterization of the law.

Generally, a court can dismiss for failure to state a claim, predicated on failure to exhaust, only "if the complaint itself makes clear that [the plaintiff] failed to

exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (cleaned up). "Failure to exhaust is an affirmative defense that should be pleaded." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (citations omitted). So, "[t]o obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the successful affirmative defense must appear clearly on the face of the pleadings." *Taylor v. Lear Corp.*, No. 3:16-cv-3341-D, 2017 WL 6209031, at *2 (N.D. Tex. Dec. 8, 2017) (cleaned up).

And, so, "unless it appears from the face of the [C]omplaint that [Land] has *not* exhausted [her] administrative remedies," *id.* at *3 (citation omitted; emphasis in original), the Court must deny Inmar's motion to dismiss on the basis of failure to exhaust.

Land alleges that she filed an online complaint with the Dallas County EEOC against Inmar before August 2022. *See* Dkt. No. 21 at 1. She also alleges that the complaint consisted of claims of "discrimination, retaliation, and disability." *See id.* (caps omitted). But neither party has provided a copy of the EEOC charge, so the undersigned cannot review it and find that Land failed to exhaust.

As explained above, while Inmar argues that these pleading deficiencies require dismissal for failure to exhaust – and they may if Inmar had moved for summary judgment on this affirmative defense – here, they do not support dismissal under Rule 12(b)(6). *See Taylor*, 2017 WL 6209031, at *3 ("The amended complaint does not mention the filing of any charge with the EEOC or the receipt of a right to sue letter. Accordingly, with respect to her Title VII claims, the court cannot conclude that Taylor has pleaded herself out of court based on a failure to exhaust her

administrative remedies."); *see also id.* at *3 n.5 ("The court does not suggest by its decision at the Rule 12(b)(6) stage that Taylor was not required to exhaust her administrative remedies with respect to her Title VII claims…").

And, so, the undersigned will assess whether any claims should be dismissed for failure to exhaust or timely file based only on the allegations in Land's Complaint and any exhibits that are part of the pleadings.

In her Complaint, Land alleges that the misconduct began in December 2021. *See* Dkt. No. 21 at 1. And she alleges that she filed her EEOC complaint in August 2022 – less than 300 days later. *See id.* So Land timely filed her EEOC charge.

As to whether Land sued within 90 days of receiving notice of her right to sue, Land attached her right-to-sue letter to her response to Inmar's motion. *See* Dkt. No. 31 at 5. But, because it was not referenced in or attached to her Complaint, the undersigned cannot consider the letter for purposes of the motion to dismiss. And, so, from the face of the Complaint, the undersigned cannot find, as Inmar urges it to, that Land did not timely file this lawsuit.

Even if the Court considered the right-to-sue letter, it would show that the EEOC issued the letter on July 8, 2024, *see id.* and that Land timely filed her original complaint on September 4, 2024, within 90 days of July 8 (the earliest day Land could have received the letter), *see* Dkt. No. 3.

And, so – apart from the 2022 ADA claims that are time-barred – the Court should not dismiss Land's Complaint because it was not timely filed.

But the undersigned notes that Land claims that instances of disability

discrimination occurred in August 2024. *See* Dkt. No. 21 at 1. Because Land filed her EEOC complaint in August 2022 – before the alleged discrimination occurred – she could not have included those events in her EEOC charge.

And, so, it is clear from the face of the Complaint that Land failed to exhaust her administrative remedies as to any discrimination claims arising out of the events occurring in 2024. And the Court should dismiss those claims without prejudice.

Land also claims that instances of retaliation occurred in July 2025. *See id.* Again, because Land filed her EEOC complaint before the alleged misconduct occurred, she could not have included the retaliation claims in her EEOC complaint.

But the United States Court of Appeals has carved out an exception to the exhaustion requirement that applies here. In *Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir. 1981), the Court of Appeals held that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." 654 F.2d at 414. Retaliation that occurs as a result of filing an EEOC charge can be included in a Title VII case in district court without filing a new charge. *See id.*

Here, the alleged retaliation occurred after Land filed her EEOC complaint. *Cf. Williams v. AT&T, Inc.*, 356 F. App'x 761, 766 (5th Cir. 2009) (explaining that the *Gupta* exception does not apply when the alleged acts of retaliation occur prior to the plaintiff's filling of his EEOC charge).

And, so, the Court should not dismiss as unexhausted Land's claim for wrongful termination in retaliation for filing her charge with the EEOC. *See Stevenson v. Verizon Wireless (VAW) LLC*, No. 3:08-cv-168-G, 2009 WL 129466, at *5 (N.D. Tex. Jan. 16, 2009) (finding that plaintiff's "claim for wrongful termination in retaliation for filing his charge with the EEOC" should not be dismissed as unexhausted under *Gupta*).

The undersigned will now assess the claims that are not barred – the discrimination claims that arose before August 2022 and the retaliation claims, but not any ADA claims that accrued before September 4, 2022 – on the merits.

## III. Title VII Discrimination Claim

"Title VII's disparate-treatment provision bars employers from intentionally discriminating against their employees on the basis of race, color, religion, sex, or national origin." *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 303 (2025) (citing 42 U.S.C. § 2000e-2(a)(1)).

In employment discrimination cases, a plaintiff need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *accord Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *see also Body*

*by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

At the Rule 12(b)(6) stage, "a plaintiff must plead two 'ultimate elements' in order 'to support a disparate treatment claim…: (1) an "adverse employment action," (2) taken against a plaintiff "*because of* [a] protected status."'" *Thomas v. Dall. Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874376, at *4 (5th Cir. June 7, 2024) (quoting *Cicalese*, 924 F.3d at 767; emphasis in *Cicalese*).

That is,

> [a] complaint need not allege each prong of the *prima facie* test for disparate treatment in order to overcome a Rule 12(b)(6) motion; to support a disparate treatment claim under Title VII, though, it must plausibly set out facts that the defendant took the adverse employment action against a plaintiff *because of* [a] protected status. [Accordingly, a] plaintiff must allege facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees [not of the plaintiff's protected status] more favorably.

*Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (cleaned up; emphasis in original).

As to the first element, "a plaintiff must prove that he or she was subject to an 'adverse employment action' – a judicially-coined term referring to an employment decision that affects the terms and conditions of employment … such as hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (citations omitted).

Land alleges that her new supervisor "remove[d] [Land] from training." Dkt. No. 21 at 1. But "a refusal to train is not an adverse employment action under Title VII." *Hollimon v. Potter,* 365 F. App'x 546, 549 (5th Cir. 2010); *accord Roberson v. GameStop/Babbage's*, 152 F. App'x 356, 361 (5th Cir. 2005) (finding that denial of computer training "cannot be considered an adverse employment action").

Land also claims that her former supervisor "ordered only chairs for the Hispanic workers … and omitted every black employee." Dkt. No. 21 at 1. But not receiving a chair is not an adverse employment action, either. *See Arrieta v. Yellow Transp., Inc.*, No. 3:05-cv-2271-D, 2008 WL 5220569, at *5 (N.D. Tex. Dec. 12, 2008) (finding that "receiving inferior equipment … does not constitute an adverse employment action") (citation omitted); *see also Clayton v. Amazon.com Servs. LLC*, No. 4:22-cv-984-P, 2025 WL 1803380, at *5 (N.D. Tex. Mar. 27, 2025) (finding no adverse employment action because "the moving of [p]laintiff's chair or workstation by [d]efendant were de minimis workplace trifles or petty slights"), *rec. adopted*, 2025 WL 1762966 (N.D. Tex. June 26, 2025).

Land also alleges that she was terminated in July 2025. *See* Dkt. No. 21 at 1. But, as explained above, any Title VII discrimination claims arising out of events occurring after August 2022 are barred for failure to exhaust. And, in any case, Land has not pleaded facts that indicate that her termination occurred because of her race. *See Lee v. Osm Worldwide*, No. 3:25-cv-1019-B-BK, 2026 WL 740237, at *5 (N.D. Tex. Feb. 27, 2026) (finding that plaintiff failed to plead disparate treatment claim because plaintiff's charge "fails to give notice of the required link between [p]laintiff's race

and any adverse employment action"), *rec. adopted*, 2026 WL 738613 (N.D. Tex. Mar. 16, 2026).

And, so, Land's Title VII discrimination claim should be dismissed without prejudice.

## IV. <u>Title VII Retaliation Claim</u>

The "ultimate elements" of a retaliation claim are "1) [the plaintiff] engaged in protected activity, 2) she suffered an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action." *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (cleaned up).

### A. Land alleges that she engaged in a protected activity and was subject to an adverse employment action.

A protected activity under Title VII includes (1) opposition to any practice rendered unlawful by Title VII and (2) participation in an investigation, proceeding, or hearing under Title VII or making a charge, testifying, or assisting in such activity. *See Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 492 (5th Cir. 2011).

Land alleges that she filed an online complaint with the Dallas County EEOC before August 2022. *See* Dkt. No. 21 at 1. "Filing a charge with the EEOC" is a protected activity. *Gladu v. One World Freight Sys.*, No. 3:22-cv-1181-X, 2024 WL 1641937, at *3 (N.D. Tex. Apr. 16, 2024). "Filing of a lawsuit by the employee against the employer also can constitute a 'protected activity' under Title VII." *Cephus v. Tex. Health and Human Servs. Comm'n*, 146 F. Supp. 3d 818, 830 (S.D. Tex. 2015) (citations omitted).

Land also alleges that she was terminated in July 2025. *See* Dkt. No. 21 at 1. And, so, Land has pleaded that she suffered an adverse employment action. *See Askar v. Envoy Air, Inc.*, No. 3:24-cv-109-X, 2025 WL 624489, at *3 (N.D. Tex. Feb. 26, 2025).

**B. Land alleges that she was terminated because of her protected activity.**

With respect to causation, as explained above, "a plaintiff does 'not have to submit evidence to establish a prima facie case … at [the pleading] stage.'" *Wright*, 990 F.3d at 433 (quoting *Chhim*, 836 F.3d at 470. But she must "plausibly allege [ ] the ultimate element of causation" by "plead[ing] facts permitting a reasonable inference that [Inmar] terminated her because of her … EEO[C] complaint." *Id.* In other words, "a plaintiff must demonstrate that the employer's decision 'was based in part on knowledge of the employee's protected activity.'" *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 305 (5th Cir. 2020).

"At the pleading stage [of a Title VII retaliation claim], a plaintiff can establish causation by showing a temporal proximity between the protected activity and the adverse employment action alone. This temporal proximity must be 'very close.'" *Newell v. Acadiana Planning Comm'n Inc.*, 637 F. Supp. 3d 419, 434 (W.D. La. 2022) (citing *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 578 (5th Cir. 2020) (citations omitted)); quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)).

Land alleges that she was terminated three years after she filed her EEOC complaint. *See* Dkt. No. 21 at 1. But a three-year period between the protected activity and the adverse employment action is too remote to raise an inference of causation

on its own. *See Wright*, 990 F.3d at 434-35 (finding a two-year lapse too remote to establish causation but a one-month lapse sufficient); *cf. Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 219 (5th Cir. 2016) (finding a two-month lapse sufficient).

But Land also alleges that in "July 2025, [she] received a call from [senior] HR Manager, [who] said [she] was terminated, and could come sign[ ] for a severance package, but it contains conditions[ ] that [she] must drop the lawsuit, or no settlement." Dkt. No. 21 at 1.

This statement raises a reasonable inference of a causal link between her filing the EEOC charge – or the lawsuit arising out of the charge – and her termination. *See Garvin v. Sw. Corr., L.L.C.*, 391 F. Supp. 3d 640, 653 (N.D. Tex. 2019) (finding a causal connection where, although plaintiff suffered an adverse action one year after filing his complaints, he alleged other facts suggesting a causal connection).

And, so, the Court should not dismiss Land's Title VII retaliation claim.

## V. <u>ADA Claims</u>

Inmar does not contend that Land has failed to plead facts sufficient to allege a claim of retaliation under the ADA. And, so, to the extent that Land raises a claim of ADA retaliation that is not time-barred, the Court should not dismiss that claim.

But Inmar does argue that Land fails to state an actionable claim of ADA discrimination. *See* Dkt. No. 24 at 6-7.

Under the ADA, "an employer is generally prohibited from 'discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee

compensation, job training, and other terms, conditions, and privileges of employment.'" *Lyons*, 964 F.3d at 302 (quoting 42 U.S.C. § 12112(a)).

To plead a plausible claim of ADA discrimination, a plaintiff must provide facts to support "(1) that he has a disability; (2) that he was qualified for the job; and (3) that he was subject to an adverse employment decision on account of his disability." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 470 (5th Cir. 2021) (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014)).

**A. Land alleges that she was subject to an adverse employment decision.**

Land alleges that in July 2025, Inmar informed her that she was terminated. *See* Dkt. No. 21. at 1. Like under Title VII, termination is an adverse employment decision for purposes of ADA discrimination. *Thompson*, 2 F.4th at 470. And courts determine when termination occurred by "[l]ooking to the notification of termination date." *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 855 (5th Cir. 1999)

And, so, Land alleges that she suffered an adverse employment action – being terminated – in July 2025.

**B. But Land fails to allege that she has a disability.**

The ADA defines a disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).

> [But t]he Act is not a general protection of medically afflicted persons. It protects people who are discriminated against by their employer … either because they are in fact disabled or because their employer

> mistakenly believes them to be disabled. If the employer discriminates against them on account of their being (or being believed by him to be) ill, even permanently ill, but not disabled, there is no violation.

*Christian v. St. Anthony Med. Ctr., Inc.*, 117 F.3d 1051, 1053 (7th Cir. 1997) (citation omitted); *accord Carpenter v. Wal-Mart Stores, Inc.*, 614 F. Supp. 2d 745, 764 (W.D. La. 2008) ("A medical condition is not necessarily an impairment, and an impairment is not necessarily a substantial limitation on a major life activity so as to be a disability within the meaning of the ADA.").

Land alleges that she was having "medical issues with [her] legs, after [being] forced to work without her cart," and that her "knees[ ] began to hurt." Dkt No. 21 at 1. But these allegations fail to "[give] rise to an inference that h[er] … impairment 'substantially limits one or more "major life activities."'" *Luedecke v. Tenet Healthcare Corp.*, No. 3:14-cv-1582-B, 2015 WL 58733, at *5 (N.D. Tex. Jan. 5, 2015) (quoting *Hale v. King*, 642 F.3d 492, 500-01 (5th Cir. 2011)); *accord Moore v. City of Rowlett*, No. 3:10-cv-73-F, 2011 WL 13232594, at *5-7, (N.D. Tex. May 5, 2011) (finding that plaintiff who alleged that he had "major problems with his legs" "failed to show that he was disabled due to a mental or physical impairment which substantially limits one or more major life activities").

And, so, Land fails to adequately allege that she has a disability.

**C. Land also fails to allege that she was terminated because of her disability.**

Land must allege facts to show or raise a reasonable inference that the alleged adverse action – her termination – occurred because of her disability. But, again, she

is not required to, at this stage, "establish[ ] a prima facie case ... under the framework set forth ... in *McDonnell Douglas*." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023). And the Court should not subject her "allegations to a rigorous factual or evidentiary analysis under [that] framework in response to a motion to dismiss." *Cicalese*, 924 F.3d at 767 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

Even so, "when a complaint purports to allege a case of circumstantial evidence of discrimination, it may be helpful to refer to *McDonnell Douglas* to understand whether a plaintiff has sufficiently pleaded an adverse employment action taken 'because of' his protected status as required under *Swierkiewicz*." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (emphasis in original); *see Norsworthy*, 70 F.4th at 336 (Because "a plaintiff is still required to plead sufficient facts on all of the ultimate elements of her claim," "to frame that inquiry, a district court may find it helpful to reference *McDonnell Douglas*." (cleaned up)).

Disparate-treatment claims, "the most easily understood type of discrimination," are cognizable under the ADA. *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52-53 (2003) (citing *Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977)). Such claims arise "where a plaintiff alleges that an employer treated individuals less favorably than others on account of their protected class (here, disability)." *Angus v. Mayorkas*, No. 22-50600, 2023 WL 3918986, at *5 (5th Cir. June 9, 2023).

"[D]isparate-impact claims are [also] cognizable under the ADA." *Raytheon*, 540 U.S. at 53 (citing 42 U.S.C. § 12112(b)). "Disparate impact claims do not require

proof of discriminatory intent" because they instead "focus on those facially neutral employment practices that create statistical disparities which disadvantage members of protected classes at a level functionally equivalent to intentional discrimination." *Crawford v. U.S. Dep't of Homeland Sec.*, 245 F. App'x 369, 379 (5th Cir. 2007) (per curiam) (citing *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000)).

Land has not alleged any facts supporting either a disparate-treatment or disparate-impact claim. For instance, Land does not identify any employees without disabilities who were treated more favorably than her. Neither does she identify any policy at Inmar that led to disability-based discrimination.

And, so, Land has not adequately alleged that the adverse employment action occurred because of her disability. *See Pauwels v. Allied Pilots Ass'n,* No. 4:23-cv-851-O, 2024 WL 628847, at *7 (N.D. Tex. Feb. 14, 2024) (finding no disparate-treatment claim "[b]ecause [p]laintiff "fail[ed] to plead factual allegations of less favorable treatment than non-disabled employees"); *see also Zimmer v. Estrada*, No. 3:24-cv-2505-G-BN, 2025 WL 3899250, at *6 (N.D. Tex. Nov. 13, 2025) (finding no disparate-impact claim because of plaintiff's "failure to identify a specific policy or practice and – if he had specified a policy or practice – to allege facts from which the [c]ourt could infer that that policy or practice has resulted in prohibited discrimination"), *rec. adopted*, 2026 WL 39516 (N.D. Tex. Jan. 6, 2026).

The ADA discrimination claim should be dismissed without prejudice.

**VI. <u>Wrongful Termination</u>**

Inmar has not moved to dismiss Land's wrongful termination claim, insofar as

she pleaded one.

But "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may [be] granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. adopted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 589 U.S. 928 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for the Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings, conclusions, and recommendation provide notice, and the period for filing objections to them affords an opportunity to respond. *Accord Starrett*, 2018 WL 6069969, at *2 (citations omitted).

Here, Land has not specified on which statute or common-law rule she bases

her wrongful termination claim. She states only "[w]rongful [t]ermination" in her Complaint. Dkt. No. 21 at 1.

Without more, the undersigned cannot find that Land has pleaded a claim for relief. As explained above, though a *pro se* complaint is construed liberally, this "does not require that the Court ... create causes of action where there are none." *Smith*, 2013 WL 2291886, at *8.

And, so, the wrongful termination claim should be dismissed without prejudice so that Land may plead it with more specificity.

## VII. Leave to Amend

As set out above, Land's Complaint lacks sufficient allegations to make out a claim for relief. Because it appears that Land has not pleaded her "best case," the undersigned recommends that Land's Title VII discrimination and retaliation claims, ADA discrimination claim, and wrongful termination claim – to the extent that they are not barred by the statute of limitations – be dismissed without prejudice. *C.f. Allen v. Navy Fed. Credit Union*, No. 3:24-cv-949-L-BN, 2025 WL 484818, at *13 (N.D. Tex. Feb. 13, 2025) ("Granting leave to amend … is not necessary when the plaintiff has pleaded his or her 'best case' after apprised of pleading deficiencies." (citations omitted)). The undersigned also recommends that the Court dismiss without prejudice any claims that were not administratively exhausted.

Land has filed a motion for leave to amend her complaint. *See* Dkt. No. 35. But she seeks leave to amend her complaint to double the amount of damages claimed. *See id.* Her proposed amendment does not purport to address any of the deficiencies

that the undersigned has identified in these findings, conclusions, and recommendation and, so, would be futile.

So the Court should deny Land's motion for leave to amend [Dkt. No. 35] and, instead, grant Land leave to file an amended complaint that corrects the deficiencies identified herein.

**Recommendation**

The Court should grant in part Defendant Inmar RX Solutions, Inc.'s Motion to Dismiss [Dkt. No. 24]; dismiss Plaintiff Sherry Land's ADA claims based on misconduct occurring before September 4, 2022 with prejudice; and dismiss her Title VII discrimination, Title VII retaliation, and ADA discrimination claims without prejudice. The Court should deny Land's motion for leave to amend her complaint [Dkt. No. 35] and, instead, grant Land leave to file a complaint that addresses the deficiencies identified in these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 17, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE