IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRY LAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-2256-B-BN |
| | § | |
| INMAR RX SOLUTIONS, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane Boyle. *See* Dkt. No. 1.

Plaintiff Sherry Land, proceeding *pro se*, filed this lawsuit asserting employment claims against Defendant Inmar RX Solutions, Inc. *See* Dkt. No. 1.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit without prejudice under Federal Rule of Civil Procedure 41(b).

**Background**

On September 4, 2024, Land filed her original complaint against Inmar, alleging discrimination and harassment under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). *See* Dkt. No. 3. She filed a first amended complaint on September 9, 2024, claiming discrimination based on disability and race. *See* Dkt. No. 7.

On October 1, 2025, Land filed a second amended complaint, alleging discrimination and retaliation under Title VII and the ADA, as well as wrongful termination. *See* Dkt. No. 21.

On October 15, 2026, Inmar moved under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss each of Land's claims with prejudice because the Court "lacks subject matter jurisdiction over Land's alleged claims and Land has failed to plead facts sufficient to state any plausible claim for relief against Inmar." Dkt. No. 24 at 1.

Land responded, *see* Dkt. No. 31, and Inmar replied, *see* Dkt. No. 32.

The Court then entered a scheduling order setting December 5, 2025 as the deadline to amend pleadings. *See* Dkt. No. 34.

On April 24, 2026, Land filed a motion seeking leave to amend the amount of damages in her complaint. *See* Dkt. No. 35. Inmar responded to the motion. *See* Dkt. No. 36.

On July 17, 2026, the undersigned entered its findings, conclusions, and recommendation that the Court should grant in part and deny in part the motion to dismiss (the "FCR"). *See* Dkt. No. 40. The FCR recommended that the Court dismiss Land's ADA claims based on misconduct occurring before September 4, 2022 with prejudice. *See id.* at 26. And it recommended that the Court dismiss Land's Title VII and ADA discrimination claims without prejudice. *See id.*

As to the remaining Title VII retaliation claim, the undersigned found that Land had plausibly alleged the elements of the claim. *See id.* at 17-19. And, so, the

undersigned found that "the Court should not dismiss Land's Title VII retaliation claim." *Id.* at 19.

But, despite finding that Land had pleaded the elements of a Title VII retaliation claim, the FCR concluded by recommending that the Court dismiss the claim without prejudice. *See id.* at 26.

And, so, the Court, when accepting the undersigned's FCR, dismissed the Title VII retaliation claim without prejudice. *See* Dkt. No. 41. And it ordered Land to file an amended complaint that conforms with the FCR no later than August 17, 2026. *See id.*

That deadline has passed, and Land has not submitted an amended complaint. And Land did not file objections to the FCR.

The Court also, by separate order, required the parties to complete mediation no later than November 2, 2026. *See* Dkt. No. 42.

On September 8, 2026, Inmar filed a notice requesting that the case be assigned to a United States magistrate judge to conduct a settlement conference. *See* Dkt. No. 43. The notice stated that, "[o]n September 4, 2026, Inmar conferred with Plaintiff via email to obtain Plaintiff's position on this request. Plaintiff did not respond to Inmar's conferral." *Id.*

## Legal Standards

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing

*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Lopez v. Ark. Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although [Rule 41(b)] is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" (quoting *Link*, 370 U.S. at 631)); *Campbell*, 988 F.3d at 800 ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 251 (5th Cir. 1984) (citing, in turn, *Link*, 370 U.S. at 631))).

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*,

754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he

district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

By not complying with the Court's order to file an amended complaint, as set out above, Land has prevented this action from proceeding and has thus failed to prosecute. Even if the Title VII retaliation claim had not been dismissed, Land's failure to file an amended complaint to address the deficiencies of her second amended complaint has left the impression that she no longer wishes to pursue the claims in this lawsuit.

A Rule 41(b) dismissal of Land's claims against Inmar without prejudice is warranted under these circumstances and to the extent provided below.

Because the undersigned concludes that lesser sanctions would be futile, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* dismiss Land's claims without prejudice under Rule 41(b).

That said, these findings, conclusions, and recommendation provide notice that the Court intends to follow through with its warning and dismiss Land's lawsuit without prejudice under Rule 41(b). And the time within which to file objections to this recommendation (as further explained below) allows Land an opportunity to demonstrate that they will follow the Court's orders going forward by filing a response to the Court's orders to show cause.

**Recommendation**

The Court should dismiss Plaintiff Sherry Land's lawsuit without prejudice

under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 9, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE